# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| LAURA K. CAMPBELL, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; JEFFERSON CAPITAL SYSTEMS, LLC, | Defendants |

Consolidated Case No. 4:19-cv-179-JM

| | |
|---|---|
| JEANNETTE WELCH, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants |

Consolidated Case No. 5:19-cv-105

| | |
|---|---|
| LILLIE BROWNLEE, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants |

.

Consolidated Case No. 4:19-cv-208

| | |
|---|---|
| BETTY JOHNSON, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants. |

Consolidated Case No. 4:19-cv-267

**ORDER**

Pending is the motion to compel arbitration and to strike class allegations of Plaintiff Jeanette Welch filed on behalf of Defendants Midland Funding LLC and Midland Credit Management, Inc. (collectively "Midland"). (Docket # 46). Defendants Michael A. Jacob, II and Jacob Law Group, PLLC ( collectively "JLG") have joined the motion and filed a supporting brief. (Docket # 58 and 59). Plaintiff has filed a response and Defendants have filed replies. For the reasons stated herein, the motion is GRANTED.

Plaintiff Welch filed this action alleging that Defendants Michael A. Jacob, II, Jacob Law Group, PLLC ("JLG"), Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") attempted to collect consumer debts from her and putative class members through standardized, form debt collection complaints filed in Arkansas state courts that fraudulently and falsely averred that Midland Funding LLC "holds in due course a claim. . . pursuant to a defaulted Comenity Bank credit card account." Plaintiff asserts that Midland is not a holder in due course of Comenity Bank accounts and that this representation violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §1692 et seq. and the Arkansas Fair Debt Collection Practices Act ("AFDCA"), Ark. Code Ann. §17-24-501 et seq.

On or about May 3, 2016, Plaintiff Welch opened a Comenity Your Tuition Solution credit card account with an account number ending in 4763. ("the Account"). A letter containing the credit card and the cardholder agreement was mailed to her. Plaintiff made purchases using the credit card. Plaintiff failed to make the required payments on the Account and on January 25, 2017 the account was charged-off.

The Cardholder Agreement is governed by Utah law and contains the following:

**Arbitration and jury trial waiver**

**2. Parties Subject to Arbitration**: Solely as used in this Arbitration Provision and not elsewhere in this Agreement), the terms "we," us" and "our" mean (a) Comenity Capital Bank, any parent, subsidiary or affiliate of the Bank and the employees, officers and directors of such companies ("the Bank Parties"); and (b) any other person or company that provides any services in connection with this Agreement if you assert a Claim against such other person or company at the same time as you assert a Claim against any Bank Party.

**3. Covered Claims**: "Claim" means any claim, dispute or controversy between you [i.e., plaintiff] and us [i.e., Comenity] that in any way arises from or relates to this Agreement, [or] the Account. . . . "Claim" has the broadest possible meaning, and includes initial claims, counterclaims, cross-claims and third party claims. It includes disputes based on contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity (including any claim for injunctive or declaratory relief).

**4. Starting an Arbitration**: Arbitration may be elected by any Party with respect to any claim, even if that party has already initiated a lawsuit with respect to a different Claim.

The opening paragraph of the Cardholder Agreement explains that plaintiff would be bound by the Cardholder Agreement-including the Arbitration Provision-if she used the account to make purchases, which she concedes she did. The opening paragraph of the Cardholder Agreement

also alerts plaintiff to the presence of the Arbitration Provision and informs her she had the right to opt out of it. The Arbitration Provision explains that plaintiff could do so by sending Comenity signed, written notice of her election to opt out within 30 days. Plaintiff did not send written rejection of the Arbitration Provision, timely or otherwise. The Arbitration Agreement also states in bold, capital letters that, if not rejected the Arbitration Provision "will be part of this agreement and will have a substantial impact on the way you or we will resolve any claim which you or we have against each other now or in the future."

The Account Agreement also contains a class action waiver which states:

> **7. Prohibition Against Certain Proceedings: IF YOU OR WE ELECT TO ARBITRATE A CLAIM: (1) NEITHER YOU NOR WE MAY PARTICIPATE IN A CLASS ACTION IN COURT OR IN CLASS-WIDE ARBITRATION, EITHER AS A PLAINTIFF, DEFENDANT OR CLASS MEMBER; (2) NEITHER YOU NOR WE MAY ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; (3) CLAIMS BROUGHT BY OR AGAINST YOU MAY NOT BE JOINED OR CONSOLIDATED WITH CLAIMS BROUGHT BY OR AGAINST ANY OTHER PERSON; AND (4) THE ARBITRATOR SHALL HAVE NO POWER OR AUTHORITY TO CONDUCT A CLASS-WIDE ARBITRATION, PRIVATE ATTORNEY GENERAL ARBITRATION OR MULTIPLE-PARTY ARBITRATION.**

In March 2017, Midland Funding LLC purchased the Account from Comenity as part of a portfolio of charged-off debts. Comenity sold and Midland purchased "all of [Comenity's] rights, title and interest in and to those certain Charged-off Accounts. . . " (ECF #54, p. 6). Comenity assigned to Midland Funding LLC all of its rights, title and interest in Welch's Account. (ECF #54, p. 41). Defendants argue that the assignment of Comenity's right, title, and interest in the Account was expressly contemplated by the Cardholder Agreement which

4

states: " **Transfer of Rights/Assignment.** " Your rights under this Agreement can't be transferred by you, by operation of law or otherwise, but your obligations will be binding upon your estate or personal representatives**.** We may transfer or assign your Account and/or this Agreement, or any of our rights under this Agreement, to another person or entity at any time without prior notice to you or your consent." (ECF #46-1, p. 9). Defendants argue this assignment included the assignment of the right to arbitration. Defendants move to compel arbitration and to strike the class allegations. Plaintiff disputes that the right to arbitration was transferred to Midland and opposes Defendants' motion.

Section 2 of the Federal Arbitration Act (FAA) states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects a liberal federal policy favoring arbitration. *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Because "arbitration is a matter of contract,....courts must rigorously enforce arbitration agreements according to their terms," *American Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotations and citation omitted), including requirements to pursue claims through individual arbitration. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

When presented with matters outside the pleadings, the Eighth Circuit Court of Appeals has concluded that a motion to compel arbitration can be properly analyzed under Rule 56 of the Federal Rules of Civil Procedure. *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). The Eighth Circuit set out the burden of the parties in connection

with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Plaintiff does not dispute that the arbitration provision is valid, she is bound to it, and her claims fall within its scope. Relying in large part on *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019) Plaintiff argues that the right to enforce the arbitration provision was not assigned to Midland and neither Midland or JLG have the right to require arbitration. In *Lamps Plus*, the Supreme Court held that the FAA bars a court order compelling class arbitration if the arbitration agreement is ambiguous about the availability of class arbitration Emphasizing the difference between class wide arbitration and individual arbitration the Court concluded that the statue requires more than ambiguity to ensure that the parties "actually agreed to arbitrate on a classwide basis." Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1415 (2019) ("Class arbitration is not only markedly different from the 'traditional individualized arbitration' contemplated by the FAA, it also undermines the most important benefits of that familiar form of arbitration. (citations omitted). The statute therefore requires more than ambiguity to ensure that the parties

actually agreed to arbitrate on a classwide basis.") The Court does not agree, as argued by Plaintiff, that the holding in *Lamps Plus* precludes the assignment of the agreement to arbitrate in this case.

The Cardholder agreement originally entered between Plaintiff and Comenity specifically provided that Comenity could assign or transfer any or all of its rights under the agreement without notice to the Plaintiff of such action. Comenity assigned all of its rights under the agreement to Midland Funding. That included the right to arbitration. Further, pursuant to the Credit Card Account Purchase Agreement, Comenity sold, assigned and transferred to Midland Funding "all rights, title and interest in and to . . . [the Accounts]." (ECF #54, p. 6). Plaintiff agreed that Comenity could sell or assign its rights in the Agreement. Comenity did just that by assigning it rights to Midland Funding. Accordingly, Midland Funding stands in the shoes of Comenity and both Midland Funding and MCM as its affiliate may enforce the arbitration provision of the Agreement. *See, Clemons v. Midland Credit Mgmt., Inc.*, 2019 WL 3336421, at *4 (D.N.J. July 25, 2019)( Finding that "Comenity sold all of its rights under the agreement to Midland [Funding, LLC]. This caused Midland to substitute for Comenity in [the arbitration] provision, with MCM [Midland Credit Management, Inc.] serving as Midland's affiliate. Thus, MCM is one of the "Parties Subject to Arbitration." The failure of the "Parties Subject to Arbitration" provision to refer expressly to assignees is not a legal bar to an otherwise valid assignment."). See also, *Lance v. Midland Credit Mgmt, Inc*., 2019 WL 1318542, *6 (E.D. PA, Mar. 22, 2019) and *Sunridge Development Corp. v. RB&G Engineering, Inc*., 230 P. 3rd 1000, 1003 (2010). (In Utah, it is "well recognized that the assignee stands in the shoes of the assignor." )(citations and quotations omitted).

JLG may compel arbitration because the Plaintiff agreed to arbitrate any claims against

"any other person or company that provides any services in connection with this Agreement if you assert a claim against such other person or company at the same time as you assert a Claim against any Bank Party." As stated above, Midland Funding and its affiliate MCM stands in the shoes of the Bank Parties by virtue of the assignment of the Agreement. Plaintiff sued both Midland and JLG in its Fair Debt Collection Practices action. The claims against JLG arise out of their efforts to collect the balance owed on the account pursuant to the Agreement. Accordingly, JLG may enforce the Arbitration Agreement. These defendants' right to enforce the terms of the Arbitration Provision includes the right to enforce the Class Action prohibition. *See, May v. Midland Funding, LLC*, 595 B.R. 894, 903 (E.D. Ark, 2019)( enforcing a class action waiver contained in an arbitration provision, stating "[t]his court must respect the parties' valid and voluntary agreement to waive class actions. . . .")

For these reasons, Defendants' motion to compel arbitration and to strike Plaintiff's class allegations is GRANTED, . The Court will administratively terminate Plaintiff Jeanette Welch's cause of action in this consolidated case and in her individual case No. 5:19CV00105, pending arbitration of the claims herein.

IT IS SO ORDERED this 9th day of September, 2019.

_____
James M. Moody Jr.
United States District Judge